IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JIAJUN QIU, )<br>    Plaintiff, )<br>)<br>       v. )<br>)<br>ALEJANDRO MAYORKAS, *Secretary*, )<br>*Department of Homeland Security*, *et al.*, )<br>    Defendants. )<br>) | Civil Action No. 3:23CV413 (RCY) |

**MEMORANDUM OPINION**

This is a declaratory judgement action brought by *pro se* Plaintiff Jiajun Qiu, wherein Plaintiff seeks declaratory and injunctive relief in the nature of mandamus to compel agency action on his asylum application. The case is before the Court on a 12(b)(1) Motion to Dismiss filed by Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security, and Merrick Garland, Attorney General of the United States, by counsel. The Court dispenses with oral argument, because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the motion.

**I. BACKGROUND**

Plaintiff Jiajun Qiu is a Chinese citizen seeking asylum in the United States. Compl. ¶¶ 3, 8, ECF No. 1. Plaintiff currently resides in Gainesville, Virginia. *Id.* ¶ 4. His I-589 asylum petition has been pending since 2017, and up until the date of the action, had not been processed by United States Citizenship and Immigration Services (USCIS). *Id.* ¶¶ 8, 11–12. USCIS is in possession of all of Plaintiff's documents, and at the time of their response filing of the Motion to Dismiss, had scheduled Plaintiff for a November 1, 2023, asylum interview. Mem. Supp. Mot. Dismiss 2, ECF No. 7.

## II. PROCEDURAL HISTORY

On June 21, 2023, Plaintiff filed a writ of mandamus seeking to compel the adjudication of his asylum claim, which he filed with the United States Citizenship and Immigration Services (USCIS) on October 23, 2017.  Compl., ECF No. 1.  On September 18, 2023, Defendants filed a 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, or in the alternative, seeking a stay of proceedings or transfer.  Mot. Dismiss, ECF No. 5; Mem. Supp. Mot. Dismiss, ECF No. 7.  Defendants properly included a *Roseboro* notice, informing the *pro se* Plaintiff of his obligation to respond to the Motion.  ECF No. 6.  The time for Plaintiff to do so has passed, however, rendering the Motion ripe for review.

## III. LEGAL STANDARD

"When analyzing a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must consider 'whether plaintiff's allegations, standing alone and taken as true [plead] jurisdiction and a meritorious cause of action.'"  *Allianz Ins. Co. v. Cho Yang Shipping Co.*, 131 F. Supp. 2d 787, 789 (E.D. Va. 2000) (quoting *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984)).  The burden of establishing the existence of subject matter jurisdiction rests with the party asserting jurisdiction.  *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  Despite Plaintiff's failure to defend jurisdiction here, the Court is nevertheless obligated to ensure that dismissal is proper even when the motion to dismiss is unopposed.  *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

## IV. DISCUSSION

**A.  The Controversy has been Resolved, Rendering the Case Moot**

Plaintiff filed his writ of mandamus seeking to compel USCIS to process his asylum application.  In response, the United States Government scheduled his asylum application

interview for November 1, 2023, and subsequently filed its dismissal motion. "When a case or controversy ceases to exist . . . the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks, citation, and alteration omitted) (citing U.S. Const. art. III, § 2). Further, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. Accordingly, and absent any representation by Plaintiff to the contrary, the Court finds that the issues underpinning this litigation are moot, and therefore the Court lacks subject matter jurisdiction to proceed any further with this matter.

**B. The Court Declines to Alternatively Stay or Transfer the Proceedings**

Having found that it lacks subject matter jurisdiction, the Court has no basis or authority to stay the matter pending further developments. And, though the Court agrees that venue is improper in this Division of the Eastern District of Virginia,[1] the Court similarly declines to transfer the proceedings, given that the transferee court would likewise lack subject matter jurisdiction. *See* 28 U.S.C. § 1406(a) (permitting courts to dismiss a case where venue is improper if transfer is not "in the interest of justice").

---

[1] Questions of venue are determined by 28 U.S.C. § 1391, as modified by the Eastern District of Virginia's Local Civil Rule 3(C) ("Local Rule 3(C)"). Under Local Rule 3(C), "28 U.S.C. § 1391 *et seq.* shall be construed as if the 'judicial district' and 'district' were replaced with the term 'division.'" E.D. Va. Loc. R. 3(C). Accordingly, venue is proper in this Court when:

> A civil action [is] brought in – (1) a [division] where any defendant resides, if all defendants reside in the same State, (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a [division] in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no [division] in which the action may otherwise be brought.

28 U.S.C. § 1391(b), *modified by* E.D. Va. Loc. R. 3(C).

The Richmond Division is not the proper venue for this action. No defendant resides in the Richmond Division. Compl. ¶ 5, ECF No. 1; Mem. Supp. Mot. Dismiss 5, ECF No. 7. Plaintiff has not alleged that any events or omissions that formed the basis of this action occurred in the Richmond Division. Plaintiff currently lives in Gainesville, Virginia, which is in Prince William County. Mem. Supp. Mot. Dismiss 5, ECF No. 7. Prince William County falls within the Alexandria Division. E.D. Va. Loc. R. 3(B)(3). Any substantial events that occurred in Virginia took place in the Alexandria Division.

## V. CONCLUSION

Because Defendants' actions have rendered Plaintiff's desired relief moot and Plaintiff has not otherwise demonstrated any reason that a controversy persists, the Court holds that it lacks subject matter jurisdiction and for that reason, Defendant's Motion to Dismiss (ECF No. 5) will be granted.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 29, 2024